The opinion of the Court was delivered by
Mr. Justice Johnson.
1st. Where a promise is made indefinitely, without fixing on any time for the payment, the statute of limitations begins to run instantly; and it appears equally clear, that when a promise is to pay on the event of a contingency, *443 the consummation of which depends wholly on the promiser, it also commences from the date of the promise, because he can defeat it at his will, or it might be defeated by accident; as in this case, the defendant’s testator might not have sold his crops for twenty years, or it might have been lost in transportation to market: and if he is to be bound by this promise, all the purposes of the statute would be wholly defeated; and if the doctrine contended for was to be established, I should not be astonished that we should directly see all contracts of this nature made to depend upon a contingency that could not possibly happen; and by this means the statute of limitations, heretofore held so sacred, would remain a dead letter in our statute book. In any event, however, it appears to me, that even admitting the plaintiff’s intestate might have considered this as a promise to pay in future, no presumption could have extended it to a year, a month, and twenty days, beyond the date of the letter relied upon as the evidence of an undertaking to pay.
2d. The rule is clear, that to support the replication of an original, sued out within four years after the cause of action given or accrued, the plaintiff must show a continuance of that action up to the time of the trial, to show that an action of the same, or a similar nature, was instituted between the parties, will not support *444 (Buller's N. P. p. 151. 1 Esp. Dig. part 1st, 292, Gould's edit.') I am of opinion that the mo- , _ _ 1 Ü011 0Ught Í0 be ¿lSmiSSed.
Grimlcé, Colcock, JVo/jf, Cheves, and Gañtt, J. concurred.